James S. HUDSON, Appellant,

v.

The STATE of Texas, State.

No. 2–81–067–CR.

Court of Appeals of Texas,
Fort Worth.

Feb. 24, 1982.

Ferguson & Dulick, Inc., and Harry Buzz Dulick, Cleburne, for appellants.

Tim Curry, Dist. Atty., and C. Chris Marshall, Asst. Dist. Atty., Fort Worth, for appellees.

Before HUGHES, JORDAN and RICHARD L. BROWN, JJ.

## OPINION

RICHARD L. BROWN, Justice.

This is an appeal from a conviction of aggravated robbery. The jury assessed punishment at fifteen years confinement in the Texas Department of Corrections.

We affirm.

The evidence reveals that at about 2:30 a.m. on August 9, 1978, appellant entered a 7-Eleven convenience store in Fort Worth. After browsing around the store for a few minutes, appellant grabbed the clerk of the store from behind and held a pocketknife to his throat. The clerk was able to wrestle free. The appellant lunged at the clerk several times with the knife. The clerk was able to avoid these attacks and indicated to the appellant that he would comply with appellant's demands. Appellant demanded the money from the cash register, which the clerk promptly gave him. As the appellant was handling the money, the clerk drew a small pistol from his hip pocket and disarmed him. The appellant slowly edged out of the store followed by the clerk, who was still holding the gun on him. As the pair crossed the street, an off duty police officer saw them and took appellant into custody until other officers could be summoned.

■ By his first ground of error, the appellant complains that testimony of a character witness called by the State, and the State's jury argument implied that appellant had committed an extraneous offense. During the punishment phase of the trial, the State called, as a reputation witness, Charles Sessums, a clerk of another 7-Eleven store that appellant had robbed. Sessums testified before the jury that he was a 7-Eleven clerk, he was familiar with appellant's reputation in the general community and that such reputation was bad. There was no testimony before the jury, by this witness or any other, that appellant had committed an extraneous offense. Nor do we find such offense injected into the evidence by implication as appellant would suggest.

■ Turning now to the challenged jury argument of the State, we examine the prosecutor's statements in light of the guidelines established by *Alejandro v. State*, 493 S.W.2d 230 (Tex.Cr.App.1973). In that case the four permissible areas of jury argument were delineated as: 1) summation of the evidence; 2) reasonable deduction from the evidence; 3) answer to argument of opposing counsel; and 4) plea for law enforcement. With these parameters in mind, we view the context in which the alleged improper argument was made. Counsel for the appellant stated during argument: "What has to happen in a man's life for him to live 29 years with never having been convicted of a felony or misdemeanor, or the State hasn't brought you any evidence of any crimes or any nature that ..." The prosecutor countered during his argument by telling the jury that the State could not bring before them evidence of other crimes committed by appellant unless they had resulted in final convictions. The prosecutor then stated: "You can consider the bad reputation testimony of Charles Sessums. Mr. Sessums took the stand, and what did he say? He said, 'I'm a clerk at a Seven-Eleven store on East Lancaster.'" Appellant's objection to this was overruled, at which point the prosecutor reiterated that Sessums was a clerk and that he knew of appellant's reputation as being bad.

We conclude that the argument in question was proper in that it was in answer to argument of appellant's counsel and it was also merely a summation of the testimony elicited from Sessums. Appellant's first ground of error is overruled.

■ Secondly, appellant contends that a "mug shot" of him introduced into evidence, over his objection, improperly placed evidence of an extraneous offense before the jury. The officer who took the picture testified that, although the year in the date had been obliterated from the picture, according to his memory and the official Sheriff's Department log, the picture was

taken on August 11, 1978, two days after the commission of the offense in question. The photograph related to this particular offense and could not be construed as a reference to an earlier extraneous offense. We find the photograph was properly admitted into evidence since it related to the offense for which appellant was on trial. *Reyes v. State*, 579 S.W.2d 927 (Tex.Cr.App. 1979). Appellant's second ground of error is overruled.

Appellant's third ground of error maintains that the State's reputation witness, Sessums, was not qualified to testify as to appellant's reputation as a peaceable and law abiding citizen. The witness testified at trial that he was aware of appellant's reputation in the community and that such reputation was bad. On voir dire, outside the jury's presence, the witness admitted he did not know where the appellant lived and that the only personal knowledge he had of appellant was that he had identified him in connection with a previous robbery. He also stated on voir dire that he had discussed appellant's reputation with a police detective and a district attorney's investigator.

A reputation witness is properly qualified where his testimony is not based on personal knowledge, but rather upon what the witness has heard from others. *Beecham v. State*, 580 S.W.2d 588 (Tex.Cr. App.1979). "[I]t is not necessary that a witness be personally acquainted with the accused in order to speak to his general reputation which the witness knows ..." *Frison v. State*, 473 S.W.2d 479, 485 (Tex. Cr.App.1971). The witness was not disqualified. Appellant's third ground of error is overruled.

Grounds of error four and five challenge the expert testimony of the county medical examiner relating to whether a pocketknife could cause death or serious bodily injury. Specifically, the appellant complains that the doctor speculated as to his intended use of the knife. Appellant also contends that the hypothetical question used to elicit the doctor's opinion assumed facts not in evidence. We reject both con-

tentions. In determining whether a knife is a deadly weapon one must look to its use or intended use. *Dominique v. State*, 598 S.W.2d 285 (Tex.Cr.App.1980); *Denham v. State*, 574 S.W.2d 129 (Tex.Cr.App.1978). Testimony concerning the intended use of a knife is not based upon the appellant's secret subjective intent, but rather on the objective intent manifested by the words or conduct of the actor. A pocketknife used in the manner, as established by the facts of this case, constitutes a deadly weapon, because of its capability of causing death or serious bodily injury. *Miles v. State*, Docket No. 2–81–056–CR, Tex.App.—Fort Worth, Feb. 17, 1982 (not yet reported); *Dominique v. State, supra.*

Appellant also contends that the hypothetical question to the expert witness impermissibly assumed facts not in evidence. The prosecutor asked the doctor, assuming that a knife was held to the neck, and further assuming that the knife was used to cut the neck, could that cause death or serious bodily injury? Appellant claims there was no evidence that he cut the clerk's neck, and therefore the question was improper. We disagree. In order to ascertain whether the knife *could* cause death or serious bodily injury, the precipitant act of cutting must necessarily be assumed for purposes of the hypothetical question. Moreover, the existence of a wound, *vel non*, is not essential to the State's prosecution. Wounds need not be inflicted before a knife can constitute a deadly weapon. *Denham v. State, supra.* Grounds of error four and five are overruled.

Next, appellant claims that his motion to quash the indictment should have been granted. Appellant contends that the indictment insufficiently alleged that the knife was a deadly weapon. An indictment is sufficient if it includes those facts essential to give the accused notice of the crime with which he is charged. *Thomas v. State*, 621 S.W.2d 158 (Tex.Cr.App.1981). The indictment in the instant case alleged commission of a robbery by use of a deadly weapon, to wit: a knife. Appellant con-

tends that the indictment should have specified how the knife constituted a deadly weapon as defined in the statutes. Where a term is defined in the statutes, as is "deadly weapon", such definition need not be included in the indictment. The specificity requested by appellant involves evidentiary matters and does not effect the notice provided by the indictment. *Thomas v. State, supra.* Ground of error six is overruled.

 Appellant's seventh ground of error alleges that the evidence was insufficient to support the jury's verdict. This contention is without merit. The evidence was abundant with regard to each and every element of the offense of aggravated robbery. The evidence is sufficient and meets the test of *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), wherein it was stated: "[T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of facts could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 319, 99 S.Ct. at 2789. Appellant's seventh ground of error is overruled.

Finally, appellant claims that the prosecutor engaged in improper jury argument by misstating the law. During the closing arguments at the guilt or innocence phase of the trial the following transpired:

MR. BANKSTON (PROSECUTOR): "The law says that offense is aggravated robbery if the person committing the robbery uses or exhibits, so you can just walk into that Seven-Eleven store and be holding a knife and that's aggravated robbery, regardless of whether or not you stick it to somebody's throat.

MR. HILL: Your Honor, we're going to object. In the case of an ordinary pocket-knife, that's not the case, and that's the basis of our objection.

THE COURT: Overruled.

MR. BANKSTON: All right.

Look at the Charge if there's any doubt in your mind at all that's what the Charge says. That's what the Judge tells you the law is.

Now, deadly weapon.

Yes, probably in most Seven-Eleven store robberies what you ordinarily hear about, there's a handgun used, there's a pistol used, but the law is very clear in that and the Judge is very clear in his instructions when he tells you that a deadly weapon is anything, anything that in the manner of its use or intended use is capable of causing death or—or serious bodily injury."

We find that the completed argument of the prosecutor was not a misstatement of the law. The argument as a whole was not so prejudicial and manifestly improper as to require reversal of judgment. *Johnson v. State*, 604 S.W.2d 128 (Tex.Cr.App.1980). Appellant's final ground of error is overruled.

The judgment of the trial court is affirmed.