**Michael MADDOX, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–81–156–CR.**

Court of Appeals of Texas,
Fort Worth.

June 9, 1982.

Rehearing Denied July 14, 1982.

---

Brantley Pringle, Fort Worth, for appellants.

Tim Curry, Dist. Atty., and Pam Corley, Asst. Dist. Atty., Fort Worth, for appellees.

Before HUGHES, HOLMAN and RICHARD L. BROWN, JJ.

## OPINION

RICHARD L. BROWN, Justice.

This is an appeal from a conviction of commercial obscenity. The jury assessed punishment at ninety days confinement in jail and a fine of five hundred dollars.

We affirm.

On May 1, 1978, appellant was employed as a supervisor at the Triangle News Stand in Fort Worth. On that date, two undercover vice officers of the Fort Worth Police Department entered the store. Appellant asked if he could be of assistance and was told by the officers that they wanted some party films. Appellant asked if they were looking for some "soft ones" and was told that they had all of those they could use. Appellant then stated, "Oh, I know exactly—you want some of the hard ones and I think I can fix you up." The officers received a business card from appellant and were instructed to return in two days for the films.

On May 3, 1978, the officers returned to the store. After all the other customers in the store had departed, appellant asked the officers to step into a small room, where he had laid out some films for them. Appellant boasted that the films were "hard core" and were "pretty good." The officers inquired as to the availability of child pornography and films with animals. Appellant replied that the former was very expensive, but not impossible to obtain. As to

the latter, appellant stated, "I have just what you're looking for", and produced a box of film. The box bore the title "Stallion Sex No. 163." Satisfied, the officers told appellant they would take the films and gave him $280.00. Appellant pocketed the money and gave the films to the officers.

Appellant was arrested on May 16, 1978, and was subsequently charged and convicted of intentionally selling obscene material.

By his first ground of error, appellant contends that the trial court reversibly erred in failing to dismiss the information charging him with the offense in question. Specifically, appellant contends that the State failed to comply with the provisions of the Texas Speedy Trial Act, V.A.C.C.P. art. 32A.02 (Supp.1982). Appellant was arrested on May 16, 1978, and eventually tried for the misdemeanor offense on October 17, 1978. A detailed discussion of the intervening delays and the reasons therefor, between his arrest and trial, are unnecessary for the disposition of this ground of error.

■ Although appellant filed his motion to dismiss the information for lack of a speedy trial on September 27, 1978, he failed to present the motion to the court prior to the day of trial. Section 3 of art. 32A.02, *supra*, requires a defendant to move for discharge under the Act *prior to trial*. Although a motion to dismiss the charging instrument alleging the State's failure to provide a speedy trial is on file, it is incumbent on an accused to present such motion to the court before the day of trial. Failure to do so constitutes a waiver of the defendant's rights under the Act. *Kennedy v. State*, 630 S.W.2d 509 (Tex.App.—Fort Worth, 1982); *Finch v. State*, 629 S.W.2d 876 (Tex.App.—Fort Worth, 1982). We hold that appellant waived his speedy trial rights by not asserting the same prior to trial. Appellant's first ground of error is overruled.

■ Next, appellant complains that the trial court erred by not charging the jury on the issue of entrapment. The State responds that the requested issue was not raised by the evidence. We agree.

V.T.C.A., Penal Code § 8.06(a) provides:

It is a defense to prosecution that the actor engaged in the conduct charged because he was induced to do so by a law enforcement agent using persuasion or other means likely to cause persons to commit the offense. Conduct merely affording a person an opportunity to commit an offense does not constitute entrapment.

Our primary consideration on appeal is whether any evidence was adduced at trial tending to show that appellant was *induced* by the undercover officers to sell the pornographic material. Where the facts only indicate that an *opportunity was afforded* an accused to commit an offense, the issue of entrapment is not raised. Thus it is the element of inducement which is the sine qua non of the defense of entrapment.

■ In the instant case, the officers merely expressed a desire for "party films" but not "soft ones." Appellant, without hesitation, declared that he knew exactly what they wanted and that he would have the material in two days. He then gave the officers his business card with "School Films" written on the back. When the officers returned two days later, appellant readily displayed the materials he had procured. When asked about the availability of films with animals, he replied: "I have just what you're looking for."

The actions and attitude of appellant reflect an eagerness to sell the illicit material in question. The officers did nothing more than provide appellant with an opportunity to peddle his wares. There is no evidence that the officers induced or persuaded appellant to commit the offense for which he was convicted. On the contrary, the evidence unquestionably illustrates appellant's predisposition to violate the law. The trial court properly withheld the issue of entrapment from the jury. Ground of error two is overruled.

■ Finally, appellant claims that the testimony of a certain police officer at the trial on punishment, as to appellant's bad

reputation, should have been excluded. Appellant erroneously contends that the officer's ignorance as to where appellant lived and worked showed that the witness was not qualified to testify as to his general reputation in the community. We reject this proposition.

"A reputation witness is properly qualified where his testimony is not based on personal knowledge, but rather upon what the witness has heard from others." *Hudson v. State*, 629 S.W.2d 227, 230 (Tex.App. —Fort Worth, 1982); *Beecham v. State*, 580 S.W.2d 588 (Tex.Cr.App.1979). In this case, the officer testified that he had discussed appellant's reputation with other police officers and that such reputation was bad. It is of no consequence that the witness lacked knowledge of where appellant lived or worked. "[I]t is not necessary that a witness be personally acquainted with the accused in order to speak to his general reputation which the witness knows." *Frison v. State*, 473 S.W.2d 479, 485 (Tex.Cr.App. 1971). The witness was not disqualified. Ground of error three is overruled.

The judgment of the trial court is affirmed.