Joe Rene **ELIZONDO**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 09 84 134 CR.

Court of Appeals of Texas,
Beaumont.

Sept. 5, 1985.

Douglas Barlow, Beaumont, for appellant.

John R. DeWitt, Asst. Crim. Dist. Atty., Beaumont, for appellee.

OPINION

BROOKSHIRE, Justice.

By indictment Appellant was charged with the offense of aggravated sexual assault. The indictment alleged the offense occurred on or about September 24, 1983, in Jefferson County. Trial was by jury, finding him guilty. The jury assessed punishment at life imprisonment. A $10,000 fine was assessed.

Appellant briefs his first four grounds of error together. In summary, these grounds are that the evidence was insufficient to prove the offense occurred after the effective date of the applicable, offended statute; that the charge authorized conviction for conduct which did not constitute an offense; that Appellant was convicted for conduct which did not constitute an offense; the conviction of Appellant constituted a conviction under ex-post facto legislation which was prohibited by the Texas Constitution. The State, at least tacitly agreeing to this grouping of the four grounds of error, has responded to them in like manner.

The indictment in the case at bar set forth "on or about the 24th day of September One Thousand Nine Hundred and Eighty-three, and anterior to the presentment of this indictment ... did then and there sexually assault R.J.B., hereafter styled the Complainant, a person then younger than seventeen (17) years of age and not the spouse of the Defendant, by intentionally and knowingly causing the penetration of the mouth of the Complainant by the sexual organ of the Defendant; and the Complaintant was then and there younger than fourteen years of age,...." One State's witness, who was the stepmother of the complaining witness, was asked:

"Q. ... Do you recall the last time, prior to October sixth, that the children were over at Joe Elizondo's house?

"A. Yes, sir. It was two weekends before that. *It was September twenty-third, Nineteen-eighty-three. She picked them up at six P.M.*

"Q. Was that a Friday?

"A. *Yes, sir. And she keeps them until Sunday at six P.M.*" (Emphasis added)

Eleven year old R.J.B., the complaining witness, and his brother had made such visitations almost every other weekend. Reading the testimony of the witnesses would demonstrate that the charged events occurred on September 24, 1983. It is true, however, that the complaining witness did testify that similar acts did happen on other visits. The complainant also testified that it did not happen on every visit.

■ We find that a violation of *TEX.PENAL CODE ANN. Sec. 22.011, (a)(2)(B) and (c)* (Vernon Supp.1985), effective September 1, 1983, is adequately shown. *TEX.PENAL CODE ANN. Sec. 22.021* (Vernon Supp.1985) mandates that the offense is an aggravated sexual assault, being a first degree felony.

From this record, we do not perceive that Appellant was harmed because of the way the court's charge was submitted. We find that Appellant was not "egregiously harmed." We have found no objections to the court's charge either at the guilt stage or the punishment stage. We do not find fundamental error. This finding and holding is made pursuant to *Almanza v. State,* 686 S.W.2d 157 (Tex. Crim.App.1984).

In *Almanza, supra,* Judge Clinton wrote a historical summary of the fundamental error doctrine when no objection had been made. The Court writes at page 172:

"So for the stated reasons we hold the clause 'or unless it appears from the record that the defendant *has not had a fair and impartial trial'* is a legislative recognition and acceptance of the fundamental error doctrine and is of independent significance ... the statute says that one reason to reverse for error in the charge arises if the error, having been properly objected to at trial, is harmful and therefore 'calculated to injure the rights of the defendant.' An independent basis for reversal arises if the error, even though not timely objected to, *is so egregious and creates such harm that it deprives the accused of a 'fair and impartial trial.'* ...

. . . .

"However, many cases have stated the test properly, including a number of recent ones. E.g., *Harris v. State,* 522 S.W.2d 199 (Tex.Cr.App.1975); *Boles v. State,* 598 S.W.2d 274 (Tex.Cr.App.1980); *White v. State,* 610 S.W.2d 504 (Tex.Cr. App.1981). Especially noteworthy is *Ross v. State,* 487 S.W.2d 744 (Tex.Cr. App.1972), which states that fundamental error is error 'calculated to injure the rights of the appellant *to the extent that* he has not had a fair and impartial trial.' ... The *Ross* phrasing has been used in other cases: *Jefferson v. State,* 487 S.W.2d 331 (Tex.Cr.App.1972), *Smith v. State,* 513 S.W.2d 823 (Tex.Cr.App.1974); *Simmons v. State,* 622 S.W.2d 111 (Tex. Cr.App.1981). Given an egregious error,

*Ross* correctly states the general definition of fundamental error in a charge.

"While we have discerned the basic test for fundamental error, the 'fair and impartial trial' phraseology still serves as only a general admonition that fundamental error must involve 'egregious harm' in trial ...." (Emphasis added in first paragraph only)

In passing upon the question of "egregious harm" the record must be reviewed and analyzed in the light of the entire charge of the court as well as the totality of the evidence, testimony, documentary matters and other relevant material properly before us for review. Having done this, we overrule the Appellant's first four grounds of error. We overrule these four grounds of error because we are of the firm opinion that Appellant has not been "egregiously harmed."

Because of the effective date of *TEX.PENAL CODE ANN. Sec. 22.011* and *Sec. 22.021* (Vernon Supp.1985), no ex post facto defense is demonstrated.

Appellant contends lastly the trial court erred in admitting into evidence before the jury certain testimony regarding the reputation of Appellant. The State proffered one Eddie Collins, employed by the Port Arthur Police Department for about nine years. At the time of trial Detective Collins had been working with Special Services handling narcotics, vice and criminal intelligence. He testified the reputation of Joe Elizondo in the community in which he resided for being a peaceful and law-abiding citizen was bad. On further direct examination, Detective Collins stated that he had discussed it with other police officers and personnel of the District Attorney's office. Detective Collins stated that he had not discussed the Appellant's reputation with lay citizens in the community. Such a witness's opinion as to reputation must of necessity be based upon hearsay from persons and citizens generally in the surrounding area or community wherein the defendant actually resides. This case is similar to *Maddox v. State,* 635 S.W.2d 456 (Tex.App.—Fort Worth 1982,

no pet.). We quote from that Court's opinion found on page 459:

"In this case, the officer testified that he had discussed appellant's reputation with other police officers and that such reputation was bad. It is of no consequence that the witness lacked knowledge of where appellant lived or worked. '[I]t is not necessary that a witness be personally acquainted with the accused in order to speak to his general reputation which the witness knows.' [Citation omitted] The witness was not disqualified. ..."

Accordingly, the last ground of error is overruled. We affirm the judgment and sentence.

AFFIRMED.