Edgar Allen **THOMAS**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. C14–85–545–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

March 13, 1986.

Brian W. Wice, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., William J. Delmore, III, Wilbur E. Aylor, Houston, for appellee.

Before JUNELL, DRAUGHN and ELLIS, JJ.

## OPINION

JUNELL, Justice.

Edgar Allen Thomas appeals a conviction for aggravated robbery for which a jury assessed punishment at forty years imprisonment. In three of his grounds of error appellant contends the court erred in overruling his motions for mistrial in that the complainant's non-responsive answer alluded to an extraneous offense, the prosecutor improperly referred to appellant as an executioner, and the prosecutor argued outside the record. Appellant also asserts that the trial court erred in overruling his objections to the prosecutor's vouching for the complainant's credibility in his closing argument and to the admission of a mug shot of the appellant. We affirm.

Appellant and his female companion were arrested for the aggravated robbery of Jerome Lee while Lee was working at the Half Price Book Store. Appellant and his companion entered the store shortly before closing time on the evening of November 13, 1984. Both Lee and another clerk noticed the couple wandering around the store. After buying a book, appellant pulled a pistol and accosted Lee who was walking through the store. Appellant forced Lee to return to the cash register, threatening to kill him if he did anything wrong. After Lee gave him the money from the register, appellant ordered Lee to accompany him outside. Appellant and his companion then fled, warning Lee to go back inside the store and not to call the police.

Lee immediately notified the police and furnished a description of the robbers. Several weeks later Lee spied his assailants walking along a street several blocks from the bookstore. In order to get a better look, Lee circled the block and turned the car's hi-beam lights on the couple. Having positively recognized appellant, Lee drove off in search of a police car which he encountered a few minutes later. The police apprehended appellant and his companion who were positively identified by Lee.

In his first ground of error appellant complains the trial court erred in overruling his motion for mistrial made after the complainant alluded to an extraneous offense during cross-examination.

During appellant's cross-examination of Lee the following exchange occurred:

Q. After all you had been through from the time the gun was in your ribs to two weeks later, from the time you pulled up behind that radio patrol car and saw those two persons in custody, you weren't going to walk up to the suspects and say, sorry, I made a mistake, call me, we'll have lunch.

A. If I believed the suspect was not the one that robbed me, because I had dealings with the officer and I feel comfortable with the arresting officer. I would not send an innocent man to jail.

Q. Because that's not the way the system works, does it, sir?

A. I don't know how the system works altogether, but I know I am not going to be responsible for sending an innocent man to jail. That's not my goal up here.

Q. Why don't you tell the ladies and gentlemen of the jury what your goal is, sir?

A. My goal is—I was robbed. I've had a chance to meet another person that was robbed who claims it's the same suspect...

The trial court sustained appellant's objection to Lee's non-responsive answer, gave the jury an instruction to disregard and overruled appellant's motion for mistrial.

■ An appellant cannot complain of testimony he first elicited on cross-examination. *Ingham v. State*, 679 S.W.2d 503, 507 (Tex.Crim.App.1984). Appellant opened the door to Lee's answer by asking Lee what his goal was. Appellant cannot complain because the witness answered his question. Testimony relating to or implying an extraneous offense may be rendered harmless by an instruction to disregard. *Coe v. State*, 683 S.W.2d 431, 436 (Tex. Crim.1984). Any error was cured by the trial court's instruction to disregard Lee's reply. We overrule appellant's first ground of error.

■ Appellant argues in ground of error two that the court erred in overruling his motion for mistrial made after the prosecutor referred to appellant as an "executioner." During cross-examination appellant attempted to undermine Lee's credibility by suggesting Lee's attention had been focused on the gun rather than his assailant's face during the course of the robbery and therefore Lee could not positively identify his assailant. The prosecutor responded to this defense by arguing in his closing statement:

I think what he has indicated, and I may be wrong, is the fact that once someone has a pistol stuck in their side or confronted with a pistol, that from that point on they have blinders on, that from that point on they don't see anything but the pistol. I kind of got that flavor. Maybe you did, too. He says, you know, if life is the most important thing, therefore, I guess the only thing you would look at is the pistol from then on.

Well, the other side of it—that is a two-sided coin by the way. The other side of the coin is this: if you know that your life is in jeopardy and you might be meeting your executioner when he gets a little bit too nervous or you do something he didn't want you to do and for some reason you're spared and you don't meet your date with destiny, would you not if you had an opportunity later on to see that potential executioner again—would it not have etched a permanent figure in your mind as to what that executioner looked like?

The appellant subsequently objected to the following argument, in which the prosecutor recounted how the complainant spotted the appellant on the street and initiated his arrest:

Then you go to the street encounter with Mr. Lee. He can't believe his eyes.

That's the man and woman that robbed me two weeks ago. What does he do? I'm going to get another look. Goes around, turns his lights on bright before he ever gets back around the corner, gets very close to them, does just a little bit of an angle job, gets his high beams on them, and convinces himself for sure, yes, that's the same person—those are the same two people that robbed me. Yeah, he gets excited. It's not like he's excited about sending this person to the penitentiary though. He's excited or anxious or nervous or whatever because he's just seen that executioner again.

The trial court sustained appellant's objection, gave the jury an instruction to disregard, and overruled appellant's motion for mistrial. Sustaining appellant's objection coupled with the prompt instruction to disregard the argument cured any error. *Levingston v. State*, 651 S.W.2d 319, 322 (Tex.App.—Dallas 1983, pet. ref'd); *see Smith v. State*, 658 S.W.2d 685, 688 (Tex. App.—Dallas 1983, no pet.). We overrule appellant's second ground of error.

■ In his third ground of error, appellant complains the trial court erred in overruling his objection to the prosecutor's vouching for Lee's credibility. The prosecutor stated that Lee was "an eyewitness that came in and told you the truth..."

Lee made an in-court identification of appellant which appellant attacked as lacking credibility. A prosecutor's remark vouching for the credibility of a witness is not reversible error if it is invited by defense argument. *Carter v. State*, 650 S.W.2d 843, 847 (Tex.App.—Houston [14th Dist.] 1982) *affirmed* 650 S.W.2d 793 (Tex. Crim.App.1983); *Chapman v. State*, 503 S.W.2d 237 (Tex.Crim.App.1974). Appellant's defense invited the prosecutor's remark. His third ground of error is overruled.

Appellant's fourth ground of error contends the trial court erred in overruling his motion for mistrial made after the prosecutor argued outside the record during the punishment phase of the trial. During the punishment phase, defense counsel argued that appellant had "spared" Lee and that fact should be considered in assessing punishment. In his closing argument the prosecutor responded by stating:

"He says that Mr. Lee was spared that night. If he wasn't spared we would be trying this man for capital murder, and I can assure you that just as easily I would be standing here asking for the death penalty."

■ The trial court sustained appellant's objection, gave the jury an instruction to disregard, and overruled the motion for mistrial. Appellant remarks about Lee being "spared" invited the prosecutor's remarks. The prosecutor's jury argument was not improper. *See White v. State*, 618 S.W.2d 65, 67 (Tex.Crim.App.1981). Even had the argument been improper, it was cured by the instruction to disregard. *Levingston, supra.* We overrule appellant's fourth ground of error.

In his last ground of error, appellant argues the court erred in admitting a "mug" shot taken after his arrest. The photograph bore a notation indicating the appellant was in police custody at the time it was made.

■ Appellant claims the notation on the mug shot destroyed the presumption of innocence in the jury's mind. The notation on the mug shot shows the photograph was made on November 26, 1984. The jury was informed that appellant had been arrested for the robbery on November 24, 1984. The photograph's notation could not have improperly suggested appellant was linked with extraneous offenses, and thus there was no harm in admitting it. *See Hudson v. State*, 629 S.W.2d 227, 229 (Tex.App—Fort Worth 1982, no pet.); *Reyes v. State*, 579 S.W.2d 927 (Tex.Crim.App.1979). Furthermore, appellant has not shown he was prejudiced by the introduction of the photograph since it did not indicate in any way that appellant had previously been in police custody. *See Hudson, supra.* We overrule appellant's fifth ground of error. The judgment is affirmed.