Roy Lee WILLIAMS, Appellant,

v.

The STATE of Texas, Appellee.

No. 6-88-007-CR.

Court of Appeals of Texas, Texarkana.

Dec. 13, 1988.

Robert B. Ardis, Sulphur Springs, for appellant.

Frank Long, Dist. Atty., Sulphur Springs, for appellee.

CORNELIUS, Chief Justice.

Roy Lee Williams was convicted of delivery of marihuana. Punishment was set at twenty-three years' confinement.

In two points of error, Williams challenges the sufficiency of the evidence because the State failed to disprove his defense of entrapment beyond a reasonable doubt, and alleges that trial error was committed by allowing an officer to interpret a tape-recorded conversation. We overrule both points and affirm the judgment.

Williams contends that the State failed to disprove his defense of entrapment. The defense of entrapment is found in Tex.Penal Code Ann. § 8.06 (Vernon 1974), which provides in part:

> (a) It is a defense to prosecution that the actor engaged in the conduct charged because he was induced to do so by a law enforcement agent using persuasion or other means likely to cause persons to commit the offense. Conduct merely affording a person an opportunity to commit an offense does not constitute entrapment.

The defendant has the burden of producing evidence to raise the defense of entrapment, but the State has the final burden of persuasion to disprove it. *Bush v. State*, 611 S.W.2d 428 (Tex.Crim.App. [Panel Op.] 1980). However, where the facts only indicate that an opportunity was afforded the defendant to commit an offense, the issue of entrapment is not raised. *Maddox v. State*, 635 S.W.2d 456 (Tex.App.—Fort Worth 1982, no pet.).

For the State, undercover narcotics officer Beasley testified that he met Williams at an automobile shop where Williams was trying to sell stereo equipment. Beasley told Williams he was not interested in the equipment, but asked, "You wouldn't happen to have any smoke on you, would you?" When Williams said he could get some, Officer Beasley advanced him $325.00. Williams returned later that night with about a quarter pound of marihuana. About a month later, Beasley received a telephone call from an informant who told him that Williams was trying to reach Beasley to discuss a proposed sale of ten pounds of marihuana. Beasley called Williams at his home and advised him that the buyer of the marihuana was in Sulphur Springs, so the sale would have to be made there. Later that day, Williams and a co-defendant arrived in Sulphur Springs at a motel designated as the meeting place. Williams went to the room which had been designated. Detective Weaver, who was assisting in the buy, went with Williams to an automobile. Williams got an amount of marihuana, stated to be ten pounds but later determined to be 8.07 pounds, and brought it to the room. After a discussion of the price, which was $800.00 per pound for ten pounds, Williams agreed to the sale. A signal was then given and officers came out of hiding and arrested Williams.

Williams testified for himself. He stated that Beasley loaned him $350.00 on their initial encounter, and later demanded that Williams deliver him ten pounds of marihuana in cancellation of the debt. He testified that he brought the marihuana to the motel room as instructed, and that he was arrested.

The testimony as to the circumstances of the sale and the relationship of the parties being in conflict, the issue was properly submitted to the jury. *Melton v. State*, 713 S.W.2d 107 (Tex.Crim.App.1986); *Poe v. State*, 513 S.W.2d 545 (Tex.Crim.App. 1974). Williams argues that because there is testimony that Beasley initiated all contact with him, and there is no corroboration

**8**

of Beasley's testimony, especially by the informant, the evidence is insufficient to disprove the entrapment defense. We disagree. It is the jury's province to judge the credibility of the witnesses and the weight to be given their testimony. It may resolve conflicts in their testimony, accepting or rejecting such portions thereof as it sees fit. *Banks v. State,* 510 S.W.2d 592 (Tex.Crim.App.1974). If, viewing the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt, the conviction should be affirmed. *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Combs v. State,* 643 S.W.2d 709 (Tex.Crim.App.1982). The jury was well within its authority to disbelieve Williams' defensive theory and find him guilty.

Next, Williams contends that the trial court erred in allowing an officer to give his opinion of what was said in a taped conversation. In rebuttal of Williams' entrapment defense, the State offered a tape which was recorded at the scene of the offense. There was no objection to the tape, but the officer testified to what he thought the conversation was. Williams objected to the testimony but was overruled, the court stating:

> I'll allow the witness if he is able to identify the voice and—if he is able to state what is said, then I would direct you to play it again for the jury in order that they may make their own independent judgment of it.

We find no error in this. The officer was present when the tape was made, and if he could recognize the voices and clarify the conversation, the jury was entitled to have the benefit of his testimony in interpreting the garbled tape. The State could have given the jury a written transcript of the tape had it chosen, but instead it had a witness to the conversation assist the jury in understanding the already admitted evidence. *See Garrett v. State,* 658 S.W.2d 592 (Tex.Crim.App.1983). The trial court made it clear to the jurors that they were to use their own independent judgment in

interpreting the tape, and Williams had the opportunity by cross-examination or other evidence to test the accuracy of the officer's interpretation.

For the reasons stated, the judgment of the trial court is affirmed.