IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-05-00112-CR

 

The State of Texas,

                                                                      Appellant

 v.

 

boyd leon leftwich, jr.,

                                                                      Appellee

 

 

 



From the County Court at Law

McLennan County, Texas

Trial Court No. 2004-3932-CR1

 



DISSENTING Opinion










 

          For the reasons stated in my
dissenting opinion in State v. Stanley, No. 10-05-00101-CR (Tex.
App.—Waco July 27, 2005, no pet. h.), I dissent.

 

                                                          TOM
GRAY

                                                          Chief
Justice 

 

Dissenting
opinion delivered and filed July 27, 2005






                                                              

      This is an appeal by defendant Wilkerson from his conviction for the felony offense of
delivery of a controlled substance (cocaine), habitual, for which he was assessed thirty years in
the Institutional Division of the Texas Department of Criminal Justice.
      Joy Shaw is an officer with the Waco Police Department, and Jeff Smith is a confidential
informant for the police department. On December 1, 1991, Joy Shaw and defendant negotiated
a sale of cocaine to Joy Shaw at defendant's residence. Shaw paid defendant for the cocaine and
they agreed for delivery of the cocaine to take place at the Kingsway Inn. Less than an hour later,
defendant met Joy Shaw and Jeff Smith at the appointed motel room. Defendant gave Shaw four
baggies of cocaine and then left the motel.
      Defendant was found guilty by a jury. He elected to have the judge assess the punishment. 
In the punishment phase, the State proved up four prior felony convictions against defendant. The
judge assessed punishment at thirty years in prison. Defendant appeals on two points of error.
      Point one asserts that the trial court erred in holding that the evidence was sufficient to sustain
the delivery of cocaine, and point two alleges that the trial court erred in finding that the evidence
was sufficient to sustain the State's burden of proof that defendant was not induced by Jeff Smith,
a law enforcement agent, to commit the alleged act.
      To determine whether evidence is sufficient to support a conviction on appeal, the test is
"whether after viewing all the evidence in the light most favorable to the prosecution, any rational
trier of fact could have found the essential elements of the crime beyond a reasonable doubt." 
Dunn v. State, (Tex. Crim. App.) 819 S.W.2d 510, 513; Butler v. State, (Tex. Crim. App.) 769
S.W.2d 234, 239.
      If there is conflicting testimony, it is in the jury's province to judge the credibility of the
witnesses and the weight to be given their testimony, and the jury may resolve conflicts in the
testimony of witnesses, accepting or rejecting such portions thereof as it sees fit. Banks v. State,
(Tex. Crim. App.) 510 S.W.2d 592; Williams v. State, (Tex. App.—Texarkana) 764 S.W.2d 6,
8.
      Officer Joy Shaw testified that she met the defendant at 924 Houston Street to negotiate the
purchase of cocaine. She was accompanied by Jeff Smith, a confidential informant. Shaw testified
she gave defendant $52 in payment for the cocaine and that she agreed to meet him at the
Kingsway Inn in Room 211 to accept delivery of the cocaine. She drove to the Kingsway Inn and
waited for defendant. He soon arrived and handed her four packages of cocaine and then left. 
      Defendant testified that he and Jeff Smith had used illegal drugs together, that Jeff Smith
negotiated the sale to Officer Smith, and that Jeff Smith told defendant where he could purchase
the cocaine with the money handed to him by Officer Shaw.
      Section 8.06(a), Texas Penal Code, provides: "It is a defense to prosecution that the actor
engaged in the conduct charged because he was induced to do so by a law enforcement agent using
persuasion or other means likely to cause persons to commit the offense. Conduct merely
affording a person an opportunity to commit an offense does not constitute entrapment." 
      None of the evidence shows that defendant delivered cocaine because he was induced to do
so by Jeff Smith using persuasion or other means likely to cause a commission of the offense. 
Defendant's testimony shows at most that he was given an opportunity to sell cocaine to Joy Shaw. 
Defendant's testimony says nothing that indicates any trap or scheme to induce him to deliver the
cocaine. In fact, defendant accepted payment for the cocaine before he delivered it. Defendant
could have taken the money and run. Instead he chose to secure and deliver the cocaine.
      The evidence viewed in the light most favorable to the verdict is sufficient for a rational trier
of fact to have concluded beyond a reasonable doubt that the defendant did deliver the cocaine,
and that the defendant was not entrapped by a law enforcement officer to do so.
      Both points are overruled and the judgment is affirmed.
 
                                                                               FRANK G. McDONALD
                                                                               Chief Justice (Retired)

Before Chief Justice Thomas,
      Justice Vance, and
      Chief Justice McDonald (Retired)
Affirmed
Opinion delivered and filed June 23, 1993
Do not publish