## EX PARTE CLARENCE COLLINS

No. 32,287. October 12, 1960

*William F. Walsh,* and *Travis Ballard,* Houston, for appellant.

*Dan Walton,* District Attorney, *Samuel H. Robertson, Jr.,* Assistant District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

BELCHER, Judge.

Appellant is confined in the Harris County Jail charged by indictment with the offense of murder with malice. By application for a writ of habeas corpus filed in Criminal District Court No. 3 of Harris County, appellant sought only his discharge alleging that he was illegally restrained of his liberty by the sheriff of Harris County, by virtue of a warrant of arrest which was based on a void indictment; and also on the ground that there is no legal evidence to warrant his conviction.

After a hearing, appellant was remanded to the custody of the sheriff of Harris County, and from said order he gave notice of appeal.

No statement of facts accompanies the record.

Appellant presented to the trial judge for approval, three formal bills of exception. These bills were refused. The record shows that the appellant then filed three instruments each signed by three persons which apparently were intended to be bystanders' bills of exception. These instruments were not sworn to by the signers or supported by affidavit.

A bystander's bill of exception must be supported by the oath of the bystanders attesting the correctness thereof. 5 Tex. Jur. 2d 316, Sec. 192. Hence, the purported bystanders' bills of exception cannot be considered.

In the absence of a statement of facts or bills of exception which may be considered, nothing is presented for review.

The judgment is affirmed.

Opinion approved by the Court.