**Glenn David KENNEDY, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–81–086–CR.**

Court of Appeals of Texas, Fort Worth.

March 17, 1982.

Larry M. Cunningham, Arlington, for appellant.

Tim Curry, Dist. Atty., and James J. Heinemann, Fort Worth, for appellee.

Before HUGHES, JORDAN and BROWN, JJ.

## OPINION

HUGHES, Justice.

The appellant, Glenn David Kennedy, was convicted of aggravated robbery and sentenced to six years in the Texas Department of Corrections. Four grounds of error are urged for reversal.

We affirm the judgment of the trial court.

The appellant and a companion, William Fielder, were arrested on December 14, 1978 in connection with the aggravated robbery of a convenience store located on Forest Park Boulevard in Fort Worth. The State's first announcement of ready, which can be verified as to the date on which it was filed, was made on April 24, 1979. This is beyond the 120-day period allowed by the Texas Speedy Trial Act in cases where the defendant is accused of a felony. V.A.C.C.P. 32A.02 (Supp.1982). Pursuant to Section 3 of the Act, the appellant by written motions requested hearings on the matter of dismissal on July 19 and July 25, 1979. These requests were founded on violation of the Texas Speedy Trial Act. Appellant orally requested dismissal based on his right to speedy trial on November 27, 1979, the day his case went to trial.

■ The appellant's first ground of error is that the trial court erred in refusing to grant his motions for dismissal thereby denying him the right to a speedy trial. Except for the oral presentment made on November 27, we find no evidence that the written motions for dismissal were presented to the trial judge for his action. The trial judge's first action was when he orally overruled the oral motion made on November 27. V.A.C.C.P. 32A.02 sec. 3 (Supp. 1982) provides that the failure of a defendant to move for discharge under the provisions of this article prior to trial constitutes a waiver of the rights afforded by this article. We hold that by not presenting the motion for dismissal until the day of trial, the appellant waived any contention that he was not timely tried within the provisions of the Texas Speedy Trial Act. See: *Finch v. State*, 629 S.W.2d 876 (Tex.App.—Fort Worth). We overrule the first ground of error.

■ The appellant's second ground of error is that the trial court erred in refusing to instruct a verdict in his favor. The crux of the appellant's argument is that there was insufficient corroboration of the testimony of the accomplice, William Fielder.

Fielder testified that he and appellant had decided to rob a store and, after looking for a good target, chose the convenience store located on Forest Park Boulevard. The appellant, who had shoulder length hair, was driving at the time and parked his white-on-red Monte Carlo on a street around the corner from the convenience store. While Fielder was robbing the store, the appellant waited in the car. When Fielder returned to the car, the two drove to appellant's home where Fielder changed clothes and gave the appellant part of the money he had taken. They were on their way to a bar when appellant stopped to call his girlfriend and to get a soft drink. There they were arrested.

Taking the stand on his own behalf, the appellant did not dispute the sequence of events described by Fielder except in certain particulars. The appellant testified that Fielder owed him money and was told by Fielder that he could obtain from a friend money with which to pay appellant. They drove to a street around the corner from the convenience store and parked. Appellant testified that he thought Fielder had walked to the door of one of the residences on the street but was uncertain because he was working on a radio he had installed in the dashboard of his car. He testified that he did not know Fielder had robbed the store.

V.A.C.C.P. art. 38.14 (1979) reads as follows:

"A conviction cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the offense committed; and the corroboration is not sufficient if it merely shows the commission of the offense."

The corroborating testimony need not be sufficient in itself to establish the guilt of the accused. *Rogers v. State*, 461 S.W.2d 399 (Tex.Cr.App.1970). The mere presence of the accused in the company of the accomplice is not, in itself, sufficient corroboration of the testimony of an accomplice. However, the presence of the accused with the accomplice, when coupled with other circumstances, may be sufficient to corroborate the testimony of the accomplice. *Ayala v. State*, 511 S.W.2d 284 (Tex. Cr.App.1974). In the case of *Cherb v. State*, 472 S.W.2d 273, 281 (Tex.Cr.App. 1971) is found this discussion:

"The law forbidding a conviction upon the uncorroborated testimony of an accomplice does not demand that there be direct evidence pointing to the accused as the offender, but merely requires that there be 'other evidence tending to connect the defendant with the offense committed.' * * * Circumstances proved by credible witnesses may be as potent as direct testimony in tending to connect the accused with the commission of the offense. The state is not called upon to point to some single or isolated fact which in itself, unrelated to other proven facts, will be sufficient corroboration. It is the combined and cumulative weight of the evidence furnished by non-accomplice witnesses which supply the test. If by this rule it appears on appeal that before the jury there was proof confirming the testimony of the accomplice to material facts tending to connect the accused with the commission of the offense, the law is satisfied."

On the date of the robbery Arterio Silva was leaving his in-laws' house and noticed a white-on-red Monte Carlo with its parking lights on parked on the street around the corner from the convenience store. Mr. Silva testified that he saw a man run around the corner of the convenience store toward the Monte Carlo. His hand was cupped against his body. As Mr. Silva drove by, the running man got into the Monte Carlo. Mr. Silva noticed a man with shoulder length hair was stooped inside. Mr. Silva testified that the Monte Carlo drove off at a fast rate of speed at a time when the door was not completely shut. Mr. Silva memorized the Monte Carlo's license number and went to the convenience store where he wrote it down and called the police. The license number was that of the appellant's car.

Melinda Idell, the clerk who was robbed, testified that $250.00 had been taken in the robbery. She had just sold two money orders and testified that she had fifty one-dollar bills in the register which were taken. When appellant was arrested and searched, fifty one-dollar bills were found inside his sock.

We hold that this evidence tends to connect the appellant with the offense committed. The credibility of the appellant's version of the events was for the jury to decide. *Johnson v. State*, 571 S.W.2d 170 (Tex.Cr.App.1978). We overrule the second ground of error.

While deliberating, the jury sent a note to the trial court stating: "Judge, we have disagreements as to the statements Mr. Silva concerning: (1) How the '73 Chevy departed the scene."

In response to this note the following transpired:

"THE COURT: Now, I have asked the court reporter to look at her notes and I will ask her to read to you what her notes show in response to the questions.

"Question No. 1, "how the '73 Chevy departed the scene."

"THE REPORTER: "This is Direct Examination by Mr. Gartner:

"Q. When you got in (sic) the car what, if anything did the car do?

"A. They took off at a fast rate of speed heading west.

"Q. Approximately how long after the man in the green shirt got into the car was it before the car took off?

"A. I would say the door wasn't completely shut on the door when the man took off.

"Q. Did they take off slowly or quickly?

"A. Fast rate of speed."

The appellant objected to the reading of the answers to the last two questions as being a comment on the weight of the evidence. Such asserted comment is the basis of the appellant's third ground of error. Appellant contends that the trial court exceeded the bounds of the question asked by the jury. We hold that the trial court did not comment on the weight of the evidence, but merely read back, in full, that portion of the testimony relating to the jury's question. We overrule the third ground of error.

■ The appellant's fourth ground of error is that the trial court committed reversible error by refusing to grant his motion for new trial based upon jury misconduct, and by refusing to allow him to offer evidence of misconduct for the record.

In the second paragraph of appellant's first motion for new trial it was alleged that several of the jurors received evidence after retiring to deliberate, by going by themselves and examining the crime scene. Attached to the motion in support of this allegation was the sworn affidavit of appellant's counsel. Appellant's counsel stated in the affidavit that he was informed by one of the jurors that she and several members of the jury went to the crime scene independently, after the jury began deliberations. No reason was given why there was no affidavit of a jury member.

Thereafter, the State moved that subpoenas issued to the jurors be quashed. At a hearing on the State's motion to quash, the trial court granted such and also overruled the appellant's motion for new trial.

■ The general rule is that a motion for new trial alleging that there was jury misconduct must be supported by the affidavit of a juror or some other person who is in a position to know the facts. *Walker v. State*, 440 S.W.2d 653 (Tex.Cr.App.1969). Of course, an attorney would not normally know the facts but would have to rely upon hearsay.

The policy of the general rule is to discourage "fishing expeditions" in an effort to impeach a jury verdict. *Stephenson v. State*, 494 S.W.2d 900 (Tex.Cr.App.1973). In *Stephenson* it is indicated that where the affidavit of an accused or his attorney is attached to the motion for new trial, it should be shown therein why a juror's affidavit is not attached. See also: *Lolmaugh v. State*, 514 S.W.2d 758 (Tex.Cr.App.1974). In order to prevent "fishing expeditions" we deem it only proper that the reasons be included within the sworn affidavit which is attached to the motion. By such a requirement the State would be given sworn notice by which to take measures to prevent the wholesale probing into the jury's verdict. We overrule the fourth ground of error.

The judgment of the trial court is affirmed.