Percy Edward WILSON, Appellant,

v.

The STATE of Texas, State.

Belinda Faye BARTLEY, Appellant,

v.

The STATE of Texas, State.

Stephanie Gail Rennick HOLMAN, Appellant,

v.

The STATE of Texas, State.

Sandra Kay DANIEL, Appellant,

v.

The STATE of Texas, State.

James David DANIEL, Appellant,

v.

The STATE of Texas, State.

Nos. 2–83–089–CR to 2–83–091–CR, 2–83–111–CR, 2–83–112–CR.

Court of Appeals of Texas, Fort Worth.

March 7, 1984.

Jack W. Taylor, Arlington, Edith L. James, Austin, for appellants.

Tim Curry, Dist. Atty. and Frederick M. Schattman, Asst. Dist. Atty., Fort Worth, for the State.

Before JORDAN, BURDOCK and JOE SPURLOCK, II, JJ.

## OPINION

JOE SPURLOCK, II, Justice.

Appellants were tried together and convicted of engaging in organized criminal activity of conspiring to manufacture more than 400 grams of amphetamine. Punishment was assessed by the jury at 15 years in the Texas Department of Corrections for Wilson and Holman, 25 years and a $10,000 fine for Sandra Kay Daniel, and 50 years and a $10,000 fine for James David Daniel. Bartley received a five year probated sentence. We reverse the convictions and remand for a new trial.

We will initially address appellants' second ground of error. They contend that their convictions must be reversed because the trial court instructed the jury that it could assess punishment of up to 99 years or life imprisonment in the Texas Department of Corrections and a fine of up to $10,000. TEX.REV.CIV.STAT.ANN. art. 4476–15, § 4.032(d)(2) (Vernon Supp.1982–1983). The appellants argue that they were illegally punished under § 4.032(d)(2) because that section was added to art. 4476–15 by legislation which was declared unconstitutional. *Ex parte Crisp*, 661 S.W.2d 944 (Tex.Cr.App.1983). We agree.

Appellants were convicted under TEX. PENAL CODE ANN. § 71.02 (Vernon Supp.1982–1983). Subsection (a)(5) of that section makes it an offense to conspire to unlawfully manufacture a controlled substance through forgery, fraud, misrepresentation or deception. Subsection (c) provides that conspiracy to commit an offense under § 71.02 carries whatever penalty is prescribed for the actual offense. Since the Controlled Substances Act determines the penalty for the unlawful manufacture of a controlled substance, it is necessary to refer to the Act in order to ascertain the penalty for conspiracy to commit that offense.

Prior to September 1, 1981, the Controlled Substances Act categorized the unlawful manufacture of any amount of amphetamine as a felony of the third degree. TEX.REV.CIV.STAT.ANN. art. 4476–15, § 4.03(b)(3) (Vernon 1976). Such a felony is punishable by confinement in the Texas Department of Corrections for not less than two nor more than ten years, and a fine of up to $5,000. TEX.PENAL CODE ANN. § 12.34 (Vernon 1974). Under the provisions of the Controlled Substances Act as amended by House Bill 730, Act of May 29, 1981, ch. 268, 1981 Tex.Sess.Law Serv. 696 (Vernon), the penalty for the manufacture of more than 400 grams of amphetamine was increased to a life term, or a term of not less than ten nor more than 99 years imprisonment and a fine not to exceed $100,000. Article 4476–15, § 4.032(d)(2). Since § 71.02(c) of the Penal Code provides that the penalty for conspiracy is to be the same as that for the actual offense, House Bill 730 had the effect of increasing not only the penalty for manufacture of more

than 400 grams of amphetamine but also for conspiracy to manufacture more than that amount.

In *Ex parte Crisp, supra,* the Court of Criminal Appeals addressed the constitutionality of House Bill 730, and held House Bill 730 was unconstitutional as a violation of art. III, § 35 of the Texas Constitution. *Crisp, supra,* at 948.

In determining the effect of its ruling, the Court stated the general rule that if an amendment to an act is declared unconstitutional, the original act remains in full force as if the amendment had never been passed. *Crisp, supra,* at 948, *citing White v. State,* 440 S.W.2d 660 (Tex.Cr.App.1969) and *Doucette v. State,* 166 Tex.Cr.R. 596, 317 S.W.2d 200 (1958). The Court thus found that House Bill 730 in effect never amended the Controlled Substances Act. It accordingly refused to release the appellants from custody, finding that they could be tried under the provisions of the Controlled Substances Act as they existed before the purported amendment by House Bill 730. *Crisp, supra,* at 948.

■ In the instant case, the appellants were convicted under a conspiracy statute which derives its penalty provision directly from House Bill 730. Because House Bill 730 has been held to be of no effect, any punishment assessed under that bill must also be invalid. Since the appellants' punishment in this case was determined by a jury, this court is without authority to direct a new trial or penalty hearing on the issue of punishment alone. *Ellison v. State,* 432 S.W.2d 955, 957 (Tex.Cr.App. 1968). We must therefore reverse appellants' convictions and remand for a new trial. In the event that appellants are again convicted, any punishment must be assessed pursuant to § 4.03(b)(3) of the Controlled Substances Act, which supplied the penalty for conspiracy to manufacture amphetamine before the passage of House Bill 730. *Crisp, supra,* at 948.

■ The appellants assert in their fifth ground of error, however, that they are entitled to a dismissal of charges rather than merely a new trial. They contend that at the time they allegedly committed the conspiracy offense, there was no valid penalty under which they could have been punished. Specifically, the appellants claim that upon the enactment of the new penalties contained in House Bill 730, the old penalty provisions in § 4.03(b)(3) of the Controlled Substances Act were repealed. Since all of the provisions of House Bill 730 have been declared void, they argue, there was no valid provision at the time of the alleged offense with which to punish either conspiracy to manufacture or the actual manufacture of amphetamine. Further, the appellants claim that *Crisp* was in error in holding that House Bill 730 never rendered the Controlled Substances Act invalid. They argue that this holding has the effect of "springing" a repealed statute back into existence, and thus creates an *ex post facto* law. We find no merit to these contentions.

Appellants' argument hinges on their claim that § 4.03(b)(3) of the Controlled Substances Act was repealed when House Bill 730 was enacted. This is simply not the case. The statutory provisions which purported to repeal § 4.03(b)(3) are contained in House Bill 730. Since that bill is unconstitutional, it could not effectively have repealed § 4.03(b)(3) or any other section of the Controlled Substances Act. *Doucette, supra.* Because § 4.03(b)(3) was never repealed, it supplied a penalty for conspiracy to manufacture amphetamine at the time of appellants' alleged offense. Thus, the *Crisp* opinion did not "spring" that penalty back into existence. Appellants fifth ground of error is overruled.

■ Appellants assert three other grounds of error in which they claim that their indictments must be dismissed. In ground of error one, the appellants claim that the trial court abused its discretion in denying them permission to produce evidence that the State was not ready for trial within 120 days as required by the Speedy Trial Act. TEX.CODE CRIM.PROC.ANN. art. 32A.02 (Vernon Supp.1982–1983). Although appellants filed a motion to quash

on this ground, they did not do so until the day of the trial. Article 32A.02, § 3 provides that the failure of a defendant to move for discharge prior to trial constitutes a waiver of the rights afforded by the Speedy Trial Act. We hold that by not presenting the motion for dismissal until the day of the trial, the appellants waived any contention that they were not timely tried within the provisions of the Act. *Kennedy v. State*, 630 S.W.2d 509 (Tex. App.—Fort Worth 1982, no writ). Ground of error one is overruled.

■ Appellants contend in their third and fourth grounds of error that they are entitled to acquittal because the trial court erred in admitting certain evidence pursuant to the wiretap statute, TEX.CODE CRIM.PROC.ANN. art. 18.20 (Vernon Supp.1982–1983). However, appellants have filed no statement of facts or bills of exception, and nothing is presented for review regarding these grounds of error. *Ex parte Collins*, 170 Tex.Cr.R. 54, 339 S.W.2d 67 (1960). Grounds of error three and four are therefore overruled.

The judgment is reversed and the causes remanded for a new trial.