Gene BUSSELMAN, Appellant,

v.

STATE of Texas, Appellee.

Nos. 01–85–0963–CR to 01–85–0965–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

June 12, 1986.

Rehearing Denied July 17, 1986.

Patricia L. Altman, Stafford, for appellant.

Edward Woolery-Price, Columbus, for appellee.

Before COHEN, SAM BASS and DUNN, JJ.

## OPINION

COHEN, Justice.

Appellant waived a jury and was tried simultaneously on two Class A misdemeanors, criminal trespass and unlawfully carrying a weapon, and a Class B misdemeanor, terroristic threat. *See* Tex. Penal Code Ann. § 30.05(c) (Vernon Supp. 1986), § 46.-02 (Vernon 1974), and § 22.07 (Vernon Supp.1986). The court assessed punishment on the terroristic threat case at confinement in jail for one year, probated for one year, and a fine of $1,000; on the weapon case at six months confinement, probated for six months, and a fine of $500; and on the criminal trespass case at confinement in jail for one year, probated for one year, and a fine of $1000.

This is the second time the appellant has appeared before us convicted of offenses arising out of the same transaction. He was previously convicted of unlawfully carrying a pistol and terroristic threat for the same conduct which is the basis of all three cases now before us. On appeal of the two earlier convictions, both informations were held fundamentally defective for failure to state an offense, and this Court reversed the judgments and dismissed the informations. The mandate issued on August 9, 1985. On August 22, 1985, the State refiled the charges for the same two offenses and for the additional charge of criminal trespass.

Appellant brings four grounds of error, three complaining of the court's denial of a pro se Speedy Trial Act motion and one complaining of the court's refusal to rule on a Speedy Trial Act motion filed by appellant's attorney because it was untimely. We find, however, that there are fundamental defects in two of the three causes that render them wholly or partially void for reasons not mentioned in the briefs of either party.

The criminal trespass information in cause number 9542 is fundamentally defective because it alleges an impossible date, i.e., it alleges that the offense was committed "on or about the 28th day of August,

A.D. 1985," but it was filed in the county court on August 22, 1985. It thus fails to meet the requirement of Tex. Code Crim.P. Ann. art. 21.21 (Vernon 1966), "that the time mentioned be some date anterior to the filing of the information...." The sole remedy for such a defect is dismissal of the information. *Ex parte Legg*, 571 S.W.2d 930 (Tex.Crim.App.1978). The prosecutor pointed out the error to the trial judge, who stated, "That will be corrected". However, it has not been corrected in the record before this Court, and our highest Court has held that such an error cannot be corrected by an amendment of the date, which is a matter of substance that may not be changed on the face of an information or indictment. *Ex parte Chance*, 601 S.W.2d 356 (Tex.Crim.App.1980). Consequently, the judgment of conviction in cause number 9542 is void.

■ We next turn to trial court cause number 9540 in which appellant was convicted of the offense of terroristic threat and sentenced to confinement of one year, probated, and a fine of $1,000. The sentence of one year confinement in jail is void because it exceeds the maximum penalty allowed by statute for the offense charged. The offense of terroristic threat is a Class B misdemeanor unless the offense is alleged under sub-sections (a)(3) or (4) of Tex. Penal Code Ann. § 22.07 (Vernon 1974). The information in cause number 9540 does not allege an offense under either of these sub-sections. It alleges an offense under sub-section (a)(2) of section 22.07. Under Tex. Penal Code Ann. § 12.22 (Vernon 1974), a jail term assessed as punishment for a Class B misdemeanor shall not exceed 180 days. When a jail sentence has been imposed by the court, rather than a jury, the remedy is to abate the appeal and remand the cause to the trial court in order that it may conduct another hearing on punishment and assess a term within the limits provided by statute. *Hudgens v. State*, 709 S.W.2d 648 (Tex.Crim.App.1986). *Compare* Tex. Code Crim.P.Ann. art. 37.-10(b) (Vernon Supp.1986). There being no final conviction in cause number 9540 due

to the absence of a valid sentence, nothing is presented for review at this time.

■ We will consider appellant's grounds of error relating to the sole remaining cause, the pistol case, cause no. 9541. We will treat the grounds together because their disposition depends on the same facts. The first ground of error asserts:

The court erred in denying defendant's pro se pre-trial motion for dismissal motion for all charges based on State's failure to refile charges against defendant within 60 days specified by CCP Article 32a.02 § 2b.

Appellant's ground of error two asserts:

The court erred in denying defendant's pro se pre-trial motion for dismissal based on the State's failure of readiness for trial on criminal trespass charges filed 359 days after defendant was arrested and made bail for transaction giving rise to the charge.

We need not rule upon ground of error two. Appellant's complaint in ground of error two is that the court failed to grant the motion to dismiss the criminal trespass charge on the basis of the Speedy Trial Act. Since the criminal trespass charge was void, any order entered in the case would have been a nullity. The court had no duty to dismiss a void information on Speedy Trial Act grounds.

The third ground of error asserts:

The court erred in entertaining defendant's pro se pre-trial motion ex parte and without defendant being present as required by CCP Article 28.01.

Appellant's fourth ground of error asserts:

The court erred in refusing to hear defendant's motion for speedy trial dismissal at the time of trial.

The record reflects that, on September 4, 1985, appellant filed a hand-written pro se motion to dismiss all charges based on the Speedy Trial Act. Appellant was not then represented by counsel. Sometime after that, in September of 1985, attorney Patricia Altman undertook to represent appel-

lant and about the same time met with the prosecutor concerning the case. Ms. Altman later sent a certified letter dated October 7, 1985, to the prosecutor which contained her motions, including a Speedy Trial Act motion, on which she sought a pretrial hearing. Ms. Altman sent the same documents, by regular mail, to the County Clerk. A pre-trial hearing was set for October 29, 1985, the day before trial. On October 10, 1985, the prosecutor filed a written response to Ms. Altman's motions asserting that the State was ready for trial and that the speedy trial motion should be denied. Unknown to both attorneys, the Colorado County Clerk never received Altman's motions.

The docket sheet reflects that on September 4, 1985, the defendant appeared in court and pleaded not guilty, and a non-jury trial was set for October 30. The docket sheet next contains two entries for October 21, 1985. One reads "motion by defendant for dismissal denied." The only motion for dismissal which was then or ever in the court's file was appellant's pro se motion. The next entry on October 21 states, "Pre-trial hearing set for 10-29-85 at 10:00 a.m."

Ms. Altman called the County Clerk before the October 29 pre-trial hearing, and the Clerk read to her the docket entry reciting the denial of defendant's motion for dismissal. Ms. Altman assumed that the motion denied was the one she had mailed to the court, rather than appellant's pro se motion, of which she was apparently unaware. Ms. Altman was surprised that the court had overruled her motion without a hearing when the case was set shortly for pre-trial hearings. Although she had actual notice of the October 29 pre-trial hearing, she did not attend the hearing, and in her own words, "waived that hearing yesterday after learning from the Clerk that my motions had in fact been denied." There was testimony that the court was in session on October 29, 1985, with a court reporter present and that the attorney's motions would have been heard then if she had appeared. Ms. Altman expressed considerable surprise when she appeared for

trial on October 30 to find that the motion overruled on October 21 was the appellant's pro se motion and that her motions were never received by the County Clerk.

After an extensive hearing, the trial judge refused to hear Ms. Altman's motions and held that they were untimely. The motions denied for filing are not in the record before us.

To summarize, the defendant filed a motion on September 4, when he was without counsel, and the court overruled the pro se motion without a hearing on October 21, when he had counsel, and set a pre-trial hearing eight days later. Appellant's counsel sent her motions to the Clerk by regular mail and never checked the court's file to see if the motions had been received or confirmed that her motions were received.

■ We hold that it was not error for the court to overrule appellant's pro se motion to dismiss on October 21, 1985, a time when he was represented by counsel. This Court and the Court of Criminal Appeals have repeatedly held that there is no right to "hybrid" representation, which is defined as representation partly by counsel and partly by self. *Landers v. State*, 550 S.W.2d 272, 275 (Tex.Crim.App.1977)(op. on reh'g). Once appellant retained an attorney, as occurred in this case long before October 21, 1985, the court was entitled to look solely to the attorney and was not thereafter required to consider pro se motions. We hold that because appellant had counsel and therefore had no right to urge his pro se motion on October 21, 1985, the trial court did not err by denying it. A trial court may, in its discretion, allow hybrid representation and may grant relief in such situations, in which case the parties will be bound by the court's rulings. However, when, as here, the court denies relief to a defendant who has no *right* to present *his* motions, we will not find the denial to be reversible error. Grounds of error one and three are overruled.

■ We also overrule the fourth ground of error, wherein the appellant says that

the court should have heard Ms. Altman's speedy trial motion urged on trial day.

In *Maddox v. State*, 635 S.W.2d 456 (Tex. App.—Fort Worth 1982, no pet.), the court wrote:

> Section 3 of Article 32A.02, supra, requires a defendant to move for a discharge under the act *prior to trial*. Although a motion to dismiss the charging instrument alleging the State's failure to provide a speedy trial is on file, it is incumbent on an accused to present such motion to the court before the day of trial. Failure to do so constitutes a waiver of the defendant's rights under the act.

*Id.* at 458. (emphasis in original). *Accord, Wilson v. State*, 666 S.W.2d 672 (Tex.App. —Ft. Worth 1984, no pet.); *Kennedy v. State*, 630 S.W.2d 509 (Tex.App.—Fort Worth 1982, no pet.).

In this case, counsel did not deliver the motions to the County Clerk; did not send them certified mail or otherwise obtain a confirmation of delivery; did not inspect the court's file prior to trial day to see if the motions had arrived; and did not ask the clerk whether motions signed by her were in the file. We are not suggesting that counsel's reliance on the mails was deficient or negligent in any respect. Indeed, only an extraordinarily cautious attorney would have done any of these things after receiving an almost immediate written response from the prosecutor. If "fault" must be laid, it should not be placed upon the defense attorney or the judge, but upon appellant, who never told his lawyer about his pro se motion. This resulted both in his losing the right to present his motion and in a significant waste of the court's time. Indeed, the October 30 hearing on counsel's request to file her motions occupies almost as many pages in the statement of facts as does the trial. In our experience, this is the predictable result when a defendant seeks representation partly by self and partly by counsel. *Landers*, 550 S.W.2d at 280. It shows why a trial judge must be entitled to rely solely on the defense attorney when there is one.

The fourth ground of error is overruled.

The judgment of conviction for criminal trespass in cause number 9542 is reversed, and the information is dismissed.

The appeal of the conviction for terroristic threat in cause number 9540 is abated, and the cause is remanded to the trial court for a punishment hearing with punishment to be set within statutory limits.

The judgment of conviction for unlawfully carrying a pistol in cause number 9541 is affirmed.

DUNN, J., dissents with opinion.

DUNN, Justice, dissenting.

I respectfully dissent from the portion of the majority's opinion that concerns the trial court's denial, without hearing, of appellant's *pro se* motion to dismiss for lack of speedy trial. It is evident from the record that appellant filed this motion during the period of time when he had no counsel to represent him, and that he undertook to act as his own attorney. The majority, by its opinion, proposes that it is perfectly acceptable for a court to later wipe the record clean of all activity by appellant during a pro se situation when he eventually substitutes an attorney in his place. If this reasoning were followed through to its logical conclusion, it would be proper for a court to wipe out, without hearing, all activity of a former attorney on the substitution of another attorney. I do not think this is the result that the majority desires. Their reasoning, relative to "hybrid" representation, would be more palatable if the appellant had an attorney at the time his pro se motion was filed.

The State argues that the defendant had an opportunity to present his motion at the pre-trial hearing set by the court on October 29, 1985. This argument is without merit in light of the court's summary overruling of defendant's pro se motion without notice, or hearing, to the defendant or his newly acquired attorney.

I would find that it was error for the trial court to deny defendant's motion without first setting a hearing and notifying

defendant of same. *See* Tex.Crim.P.Ann. art. 28.01, sec. 1 & 2 (Vernon Supp.1986) (requiring defendant's presence at hearing on pre-trial motions).