**Dwight McDUFFIE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09–88–284 CR.**

Court of Appeals of Texas,
Beaumont.

April 16, 1992.

Charles Freeman, Houston, for appellant.

Robert Hill Trapp, Criminal Dist. Atty., Coldspring, for state.

Before WALKER, C.J., and BROOKSHIRE and BURGESS, JJ.

ORDER

PER CURIAM.

We have before the Court a Motion filed by Dwight McDuffie, appellant acting pro se, to Strike Pleadings. The Court finds that at all times material hereto Mr. Charles Freeman has been and remains counsel for Mr. McDuffie.

Appellant does not have the right to "hybrid" representation which is defined as representation partly by counsel and partly by self. *See Landers v. State*, 550 S.W.2d 272, 280 (Tex.Crim.App.1977) (op. on reh'g). Since the appellant is not entitled to hybrid representation on appeal, we refuse to address the motion before the Court. *See*

*Rudd v. State*, 616 S.W.2d 623, 625 (Tex. Crim.App.1981). We, therefore, refuse to consider this pro se Motion to Strike Pleadings because the appellant is adequately represented by counsel. *Busselman v. State*, 713 S.W.2d 711 (Tex.App.—Houston [1st Dist.] 1986, no pet.). It is therefore,

ORDERED that the appellant's pro se Motion to Strike Pleadings be dismissed.

MOTION DISMISSED FROM DOCKET.