Opinion issued January 27, 2005






     





In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00973-CR




PATRICK WAYNE BELL, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 351st District Court
Harris County, Texas
Trial Court Cause No. 947386




MEMORANDUM OPINIONAppellant, Patrick Wayne Bell, was convicted by a jury of aggravated assault. 
Appellant pleaded true to two enhancement paragraphs for delivery of a controlled
substance and possession of a controlled substance. Finding the enhancement
paragraphs true, the jury assessed appellant’s punishment at thirty-two years’
confinement.
Anders Brief
          Appellant’s court-appointed counsel filed a motion to withdraw as counsel and
a brief in which she concluded that the appeal was wholly frivolous and without
merit. The brief meets the requirements of Anders v. California, 386 U.S.738, 744,
87 S. Ct. 1396, 1400 (1967), in that it comprises a complete evaluation of the record
and addresses all possible grounds for appeal. See High v. State, 573 S.W.2d 807,
811 (Tex. Crim. App. 1978); Moore v. State, 845 S.W.2d 352, 353 (Tex.
App.—Houston [1st Dist.] 1992, pet. ref’d).
          After an attorney files an Anders brief, which should be accompanied by a
motion to withdraw from the case, appellant is afforded an opportunity to respond. 
Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). The court of appeals
must conduct its own investigation of the record to discover whether there are
arguable grounds on appeal. Id. Appellant filed a pro se response in which he argues
(1) that the State failed to timely indict him and (2) that his trial counsel was
ineffective. The State has filed a brief in which it contends that these points of error
are without merit. Based on our review of the record, we agree with the State.Background
          One night in September of 2001, two undercover Houston Police narcotics
officers went to the Poolside Motel to buy drugs. Officer Fisher, the complainant,
and his partner Officer Massey were working with a tactical team and were backed
up by uniformed officers. Fisher and Massey were not wired for transmission and did
not have a radio with them, but they were carrying their guns under their clothes. 
          The police department had received several complaints about drug deals being
conducted in room 116 of the Poolside Motel. On their way to the room, Fisher and
Massey walked through a parking lot where a group of people were standing and
talking. Before reaching the motel room door, the officers stopped to speak with a
woman, apparently a prostitute. After speaking to the woman, they knocked on the
door of room 116. There was no answer at the door, and the room appeared vacant
to the officers. Fisher and Massey turned to leave the motel. 
          The group of people were still standing in the parking lot when Massey and
Fisher came back. Fisher heard the group saying to Massey and him, “Hey, the law’s
got to get out of here. Five-O, Five-O.” The officers did not stop to speak with the
group, but continued to walk through the parking lot. However, Fisher apparently
yelled, “We ain’t the law.” At some point, before the officers left, Fisher dropped a
beer can he was carrying. He noticed that the crowd suddenly became quiet. Massey
told Fisher to look over his shoulder to see what was happening. Fisher saw appellant
carrying a chrome pistol in his hand running towards Massey and him. Fisher cried,
“Gun,” to Massey. Fisher tried to hide around the corner of a building, while Massey
ran down the street. Fisher testified that he “went to the corner . . . because I was
afraid [appellant] was going to come up and try to shoot me and my partner.” 
          Once Fisher was behind the corner, he drew his gun. When he looked around
the corner towards the direction of appellant, he saw a second man coming towards
him. The second man, Terilis Moses, fired a gun several times in Fisher’s direction. 
Fisher returned fire, hit Moses in the chest area, and then ducked back around the
corner. When Fisher looked back, he saw appellant heading towards Massey,
pointing the gun at Massey. Fisher shot at appellant, who fell to the ground. Fisher
then saw appellant toss the chrome gun away, towards the parking lot. 
          Not knowing whether appellant had been shot, Fisher came up to him and told
him to show his hands. Appellant did not. Fisher testified that he was afraid
appellant had another weapon and was not showing his hands as a ploy to get him
into the open. At this point he was “scared, really, really scared” and believed he was
going to be shot. He kicked appellant, striking him in the face. Appellant did not
have another gun. 
          Upon hearing the gunshots, the police officers who were acting as back-up for 
Massey and Fisher went to the motel. Appellant, Moses, and a woman were arrested. 
Appellant and Moses were transported to the hospital to be treated for their wounds.
 
 
Discussion
          Timeliness of Indictment
          The crux of appellant’s first argument is that the State did not timely indict
him, violating his due process rights. Appellant, who was represented by counsel,
filed a pro se pre-trial motion in which he argued that the indictment against him must
be set aside for lack of a speedy trial. The trial court stated it would not rule on the
motion unless appellant’s trial counsel adopted the motion. Appellant’s counsel did
not adopt the motion, and the trial court did not rule on it. Appellant now complains
that the trial court’s refusal to rule on the motion violated his right to due process. 
          When a defendant is represented by counsel, the trial court is not required to
consider pro se motions. See Busselman v. State, 713 S.W.2d 711, 714 (Tex.
App.—Houston [1st Dist.] 1986, no pet.). The trial court is entitled to look solely to
trial counsel. Ashcraft v. State, 900 S.W.2d 817, 831 (Tex. App.—Corpus Christi
1995, pet. ref’d); Busselman, 713 S.W.2d at 714.


 Here, appellant was represented
by counsel when he filed his pro se motion to dismiss the indictment against him. 
The trial court was, therefore, not required to rule on the motion. Id. Accordingly,
the trial court did not commit reversible error when it did not rule on appellant’s
motion. Id.
          Furthermore, appellant did not preserve this issue for review because a motion
or objection lodged on a different legal theory than that urged on appeal does not
preserve error. See Turner v. State, 805 S.W.2d 423, 431 (Tex. Crim. App. 1991). 
Appellant’s pro se motions to dismiss were based on lack of a speedy trial. He argues
on appeal that the indictment should have been dismissed because the indictment on
the original complaint filed against him was untimely. Appellant waived this issue.
          We hold that appellant’s first point of error does not present an arguable
ground for appeal.
          Ineffective Assistance of Counsel 
          In his second point of error appellant contends his trial counsel was ineffective
because he (1) failed to object to unspecified evidence; (2) refused to adopt
appellant’s pro se motion; (3) did not file a motion to suppress the evidence; (4) did
not confront the arresting police officers about internal affairs complaints; and (5) did
not have a trial strategy. 
Standard of Review
          In reviewing an ineffective assistance of counsel claim, we evaluate the
effectiveness of counsel under the two-pronged test enunciated in Strickland v.
Washington, 466 U.S. 668, 104 S. Ct. 2052 (1984). See Hernandez v. State, 988
S.W.2d 770, 774 (Tex. Crim. App. 1999). First, the defendant must show that his
counsel’s representation fell below an objective standard of reasonableness. 
Strickland, 466 U.S. at 688, 104 S. Ct. at 2064. To prove this deficiency in
representation, the defendant must demonstrate that his counsel’s performance
deviated from prevailing professional norms. Id. 466 U.S. at 688, 104 S. Ct. at 2065;
McFarland v. State, 845 S.W.2d 824, 842–43 (Tex. Crim. App. 1992). Second, the
defendant must show prejudice. Strickland, 466 U.S. at 687, 104 S. Ct. at 2064. This
requires the defendant to show that there is a reasonable probability that, but for his
counsel’s unprofessional errors, the result of the proceeding would have been
different. Id. 466 U.S. at 694, 104 S. Ct. at 2068. A reasonable probability is a
probability sufficient to undermine confidence in the outcome. Id. 466 U.S. at 694,
104 S. Ct. at 2068. The failure to satisfy one prong of the Strickland test negates a
court’s need to consider the other. Id. 466 U.S. at 697, 104 S. Ct. at 2069. 
          An appellant bears the burden of proving by a preponderance of the evidence
that his counsel was ineffective. Thompson v. State, 9 S.W.3d 808, 813 (Tex. Crim.
App. 1999). We cannot speculate beyond the record provided; rather, a reviewing
court must presume that the actions were taken as part of a strategic plan for
representing the client. Young v. State, 991 S.W.2d 835, 837–38 (Tex. Crim. App.
1999). The appellant must overcome the presumption that his trial counsel’s strategy
was sound and affirmatively demonstrate the alleged ineffective assistance of counsel.
Rylander v. State, 101 S.W.3d 107, 110 (Tex. Crim. App. 2003); Thompson, 9 S.W.3d
at 814. The right to effective assistance of counsel means the right to reasonably
effective assistance, not errorless assistance. Ingham v. State, 679 S.W.2d 503, 509
(Tex. Crim. App. 1984).
Trial Record 
          The State argues that appellant did not bring forth a sufficient record to address
these complaints. 
          “Consistently with Strickland, we must presume that counsel is better
positioned than the appellate court to judge the pragmatism of the particular case, and
that he ‘made all significant decisions in the exercise of reasonable professional
judgment.’” Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994) (quoting
Delrio v. State, 840 S.W.2d 443, 447 (Tex. Crim. App. 1992)). Where the record
does not provide an explanation for trial counsel’s actions that is inconsistent with
prevailing professional norms, it would be speculation for us to find ineffective
assistance of counsel. See id.; Thompson v. State, 9 S.W.3d 808, 814 (Tex. Crim.
App. 1999). Appellant did not file a motion for new trial. The record thus is
undeveloped and does not adequately depict the failings or strategy of appellant’s
trial counsel. Accordingly, appellant has not met the first Strickland prong. See
Strickland, 466 U.S. at 688, 104 S. Ct. At 2065. However, even if we were to
consider appellant’s contentions, appellant has not shown that his trial counsel was
ineffective. 
Failure to Make Objections
          Appellant does not identify what his trial counsel should have objected to or
when his trial counsel should have objected. Instead, appellant states that he “should
have objected under every provision known to man.” To show ineffective assistance
of counsel for failure to object, appellant must show that the trial court would have
erred in overruling the objection. See Vaughn v. State, 931 S.W.2d 564, 566 (Tex.
Crim. App. 1996). Appellant has not met his burden.
Adoption of Pro Se Motion
          Appellant argues that his trial counsel should have adopted his pro se motion
to dismiss the charges against him. We have already held that, even if trial counsel
had adopted appellant’s pro se motion, the grounds for dismissal asserted by
appellant did not comply with appellant’s argument on appeal. Therefore, this
argument lacks merit.
Motion to Suppress
          Appellant contends that his trial counsel should have filed a motion to suppress
the evidence. Appellant does not identify which evidence should have been the
subject of the motion. Even if appellant had identified evidence, he would also have
the burden to show that the motion would have been granted. Jackson v. State, 973
S.W.2d 954, 957 (Tex. Crim. App. 1998). Appellant has not met his burden. 
 
Internal Affairs Complaints 
          Appellant argues that his trial counsel should have confronted Fisher and
Massey about internal affairs complaints made against them. Appellant’s trial
counsel subpoenaed the complaints. An attorney for the Houston Police Department,
where the police officers were employed, filed a motion to quash the subpoena and
a protective order to prevent the disclosure of the records. The trial court held a
hearing on the matter, inspected the records in camera, and granted in part and denied
in part the motion to quash. Appellant’s trial counsel was permitted to review certain
records regarding the investigation of appellant’s case. We will not speculate as to
appellant’s counsel’s strategy in failing to confront Fisher and Massey with the
complaints made against them. See Jackson, 877 S.W.2d at 771.



Trial Strategy
          Appellant contends that his trial counsel did not have a strategy for his defense;
specifically, his trial counsel did not investigate. 
          Trial counsel has a duty to investigate. McFarland v. State, 928 S.W.2d 482,
501 (Tex. Crim. App. 1996) (citing Strickland, 466 U.S. at 691, 104 S. Ct. at 2066). 
However, counsel’s investigation can be limited to determining that an investigation
is not necessary. Id. A trial counsel’s decision not to investigate is reviewed for
“reasonableness in all the circumstances, applying a heavy measure of deference to
counsel’s judgments.” Id. (quoting Strickland, 466 U.S. at 691, 104 S. Ct. at 2066). 
A conviction will not be reversed “unless the consequence of the failure to investigate
‘is that the only viable defense available to the accused is not advanced.’” Id. (quoting 
Ex parte Duffy, 607 S.W.2d 507, 517 (Tex. Crim. App. 1980)). There must also be
a “reasonable probability that, but for counsel’s [failure to advance the defense], the
result of the proceeding would have been different.” Id. (quoting Strickland, 466
U.S. at 694, 104 S. Ct. at 2068).
          The State argues that there is nothing in the record to suggest that appellant’s
trial counsel did not investigate. We agree. 
          We hold that appellant’s second point of error presents no arguable ground on
appeal.
Conclusion
          We have carefully reviewed the record, counsel’s brief, appellant’s pro se
response, and the State’s brief. We conclude that this appeal is frivolous, and that
appellant has not identified a truly arguable ground on appeal.
          We grant counsel’s motion to withdraw.


 See Stephens v. State, 35 S.W.3d
770, 771 (Tex. App.—Houston [1st Dist.] 2000, no pet.).
          We affirm the trial court’s judgment. 
 

                                                             Evelyn V. Keyes
                                                             Justice
 
Panel consists of Justices Taft, Keyes, and Hanks.
Do not publish. Tex. R. App. P. 47.2(b).