Opinion issued July 14, 2005













In The
Court of Appeals
For The
First District of Texas




NO. 01-04-00717-CR




ELMER ROBINSON, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 248th District Court
Harris County, Texas
Trial Court Cause No. 969154




MEMORANDUM OPINION
          A jury convicted appellant, Elmer Robinson, of aggravated assault with a
deadly weapon. Finding two felony enhancements true, the jury assessed punishment
at confinement for 75 years. On appeal, appellant complains of the denial of a
hearing on his motion for a new trial and the denial of a mistrial after evidence of an
extraneous offense was introduced. Appellant also requests that this court reform the
trial court’s judgment to reflect that appellant entered a plea of not true to the second
enhancement paragraph. We modify the judgment and affirm as modified. 
BACKGROUND
          On the morning of November 22, 2003, Debra Wiggins, after spending the
night with friends, returned to the home she shared with appellant. Finding the front
door to the home jammed that morning, she climbed the fence and entered the
backyard. She knew appellant would come to the backyard to “do what he do every
morning.” Shortly thereafter, appellant did emerge from the home and into the
backyard. Wiggins and appellant began arguing, and a “tussle” ensued. Appellant
stabbed Wiggins in the neck with a knife. Upon noticing the blood shooting from her
neck, appellant and Wiggins sought to staunch the flow of blood. Appellant called
9-1-1, and an ambulance arrived, followed by the police. Appellant was arrested and
charged with aggravated assault. 
          During the trial, Wiggins testified that what appellant does in the backyard is
his work. When asked by the State what his work consisted of, Wiggins said,
“Drugs.” Appellant immediately objected, and the trial court called a bench
conference. The court then instructed the jury to “disregard the last answer and not
consider it for any purpose.” Appellant promptly moved for a mistrial, but the trial
court denied the motion. 
          On June 17, 2004, the same day as his conviction, appellant filed a notice of
appeal. Finding appellant indigent, the trial court signed an order on June 23, 2004,
appointing appellate counsel. Appellant filed a motion for a new trial pro se, which
was dated June 22, 2004, postmarked June 25, 2004, and filed June 28, 2004. 
          In his pro se motion for new trial, appellant stated that his trial counsel was
ineffective and requested a hearing. The trial court denied the motion without
granting a hearing. On appeal, Appellant complains that the trial court erred in
denying appellant’s motion for a new trial without a hearing and in denying his
motion for mistrial. 
DISCUSSION
Standard of Review
          Courts of appeals apply an abuse of discretion standard when reviewing a trial
court’s denial of a hearing on a motion for a new trial or a denial of a motion for
mistrial. State v. Gonzalez, 855 S.W.2d 692, 696 (Tex. Crim. App. 1993) (denial of
hearing on motion for new trial); Ladd v. State, 3 S.W.3d 547, 567 (Tex. Crim. App.
1999) (denial of motion for mistrial). When applying the standard, we must uphold
the trial court’s ruling if it lies within the zone of reasonable disagreement. 
Montgomery v. State, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990). In other words,
viewing the evidence in the light most favorable to the ruling, we reverse only if the
trial court’s decision is arbitrary and unreasonable. Buerger v. State, 60 S.W.3d 358,
361 (Tex. App.—Houston [14th Dist.] 2001, pet. ref’d). 
Hearing on Pro Se Motion for New Trial
          In his first point of error, appellant argues that the trial court abused its
discretion by denying, without a hearing, appellant’s pro se motion for new trial. 
Appellant claimed in that motion that he was denied effective assistance of counsel
and that the trial court committed official misconduct. It is not error for a court to
deny a pro se motion when the movant is represented by counsel. Busselman v. State,
713 S.W.2d 711, 714 (Tex. App.—Houston [1st Dist.] 1985, no pet.).


 
          Hybrid representation occurs when one is partly represented by counsel and
partly pro se. Landers v. State, 550 S.W.2d 272, 278 (Tex. Crim. App. 1977). A
defendant has no right to hybrid representation. McKinney v. State, 76 S.W.3d 463,
478 (Tex. App.—Houston [1st Dist.] 2002, no pet.). However, a trial court may
permit hybrid representation. Scarbrough v. State, 777 S.W.2d 83, 93 (Tex. Crim.
App. 1989). In addition, appointed counsel may adopt pro se motions. See Williams
v. State, 946 S.W.2d 886, 890 (Tex. App.—Waco 1997, no pet.). 
          Like Busselman, appellant was represented by counsel at the time the trial court
denied the motion. A correction letter from the clerk’s office indicated that the trial
court denied the motion on July 14, 2004. The trial court appointed appellate counsel
on June 23, 2004. Thus, under the Busselman standard, the trial court did not err in
denying the motion without a hearing. 
          We overrule appellant’s first point of error.
Motion for Mistrial
          In his second point of error, appellant complains that the trial court abused its
discretion by not granting a mistrial after the State improperly introduced evidence
of an extraneous offense. When, in response to the State’s question, Wiggins testified
that appellant’s work was drugs, appellant’s trial counsel immediately objected. The
trial court conducted a bench conference off the record and then instructed the jury
to disregard the witness’s previous statement for all purposes. 
          “Ordinarily, a prompt instruction to disregard will cure error associated with
an improper question and answer, even one regarding extraneous offenses.” Ovalle
v. State, 13 S.W.3d 774, 783 (Tex. Crim. App. 2000). We presume that the
instruction to disregard will be obeyed by the jury. Gardner v. State, 730 S.W.2d
675, 696 (Tex. Crim. App. 1987). But an exception exists when a prosecutor makes
a reference clearly calculated to inflame the minds of the jury or creates a harmful
impression that is impossible to remove from a juror’s mind. Rojas v. State, 986
S.W.2d 241, 250 (Tex. Crim. App. 1998). 
          Appellant argues that the prosecutor intentionally elicited the improper
testimony regarding the extraneous offense as an “underhanded ruse” to “[throw] a
skunk into the jury box.” Appellant further argues that this testimony was clearly
calculated to inflame the minds of the jury. 
          There is nothing in the record, however, to support appellant’s assertion. The
trial court could have reasonably concluded that the prosecutor’s questions were
aimed at determining how Wiggins knew appellant would emerge from the house into
the backyard first thing in the morning. After the trial court’s instruction to disregard
Wiggins’s testimony that appellant’s work was drugs, there was no further mention
of appellant’s work or drugs at the trial. The record does not support appellant’s
assertion that the prosecutor’s actions were clearly calculated to inflame the minds
of the jury. 
          Because the trial court immediately instructed the jury to disregard Wiggins’s
reference to appellant’s involvement with drugs and not to consider it for any
purpose, and because we presume that the jury obeyed the trial court’s instructions,
we hold that the trial court did not abuse its discretion in denying the motion for
mistrial. We overrule appellant’s second point of error.
Reformation of Judgment 
          In his third point of error, appellant complains that the judgment should be
reformed to reflect accurately his plea of “not true” to the second enhancement
paragraph. Although the trial court’s judgment indicates that appellant pleaded “true”
to the second enhancement paragraph, the reporter’s record and the court’s charge to
the jury reflects that appellant pleaded “not true.” The State joins appellant in
requesting that we sustain appellant’s third point of error.
          “An appellate court has the power to correct and reform a trial court judgment
‘to make the record speak the truth when it has the necessary data and information to
do so’. . . .” Nolan v. State, 39 S.W.3d 697, 698 (Tex. App.—Houston [1st Dist.]
2001, pet. ref’d) (quoting Asberry v. State, 813 S.W.2d 526, 529 (Tex. App.—Dallas
1991, pet. ref’d)); see also Tex. R. App. P. 43.2(b). 
          Because the record supports appellant’s contention that the judgment does not
accurately reflect his plea to the second enhancement paragraph, we sustain
appellant’s third point of error. 
 

CONCLUSION
          We modify the trial court’s judgment to show that appellant pleaded “not true”
to the second enhancement paragraph. We affirm the judgment as modified. 
 

                                                             Sam Nuchia
                                                             Justice

Panel consists of Justices Nuchia, Keyes, and Bland. 

Do not publish. Tex. R. App. P. 47.2(b).