In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-05-446 CV


____________________



IN RE ANTHONY WAYNE JACKSON






Original Proceeding






MEMORANDUM OPINION


 Anthony Wayne Jackson petitions the Court for a writ of mandamus to compel the
trial court to rule on his pre-trial motion to dismiss the prosecution for failure to provide
a speedy trial. In its reply, the State of Texas argues that review on appeal will be
adequate with respect to the relator's motions. The merits of the relator's motions are not
at issue in this proceeding. Jackson seeks to compel the trial court to exercise its
ministerial duty to rule on pending motions, a matter generally subject to enforcement
through mandamus. Ex parte Bates, 65 S.W.3d 133 (Tex. App.-Amarillo 2001, orig.
proceeding) (Consideration and ruling upon a motion within a reasonable time is
ministerial act); compare Smith v. Gohmert, 962 S.W.2d 590, 593 (Tex. Crim. App. 1998)
(Mandamus relief is unavailable for a defendant seeking to compel a dismissal of an
indictment on speedy trial grounds). 

 Before an appellate court will order a trial court to rule upon a pending motion, the
relator must establish that his motion is properly filed and its disposition is delayed for an
unreasonable length of time. Bates, 65 S.W.3d at 135. Jackson claims he filed a speedy
trial motion on October 7, 2004, and that he "has not seen a ruling or been granted a
Speedy Trial." Although Jackson asserts he filed two motions with the trial court, the
copy of the motion submitted with the petition for writ of mandamus lacks the district
clerk's filemark. The motion bears a blank certificate of service for August 2005, so it
cannot be the motion referred to in Jackson's petition. Furthermore, neither party informs
this Court whether the relator is representing himself in the trial court or filed a pro se
motion while represented by counsel. The trial court is not required to rule upon motions
filed pro se while the accused is represented by counsel. In re Walker, No. 01-03-1192-CR, 2003 WL 22909970 (Tex. App.-Houston [1st Dist.] 2003, orig. proceeding) (memo.
op.); Busselman v. State, 713 S.W.2d 711, 714 (Tex. App.-Houston [1st Dist.] 1986, no
pet.). 

 We may grant mandamus relief if relator demonstrates that the act sought to be
compelled is purely ministerial under the relevant facts and law, and that relator has no
other adequate legal remedy. State ex. rel. Rosenthal v. Poe, 98 S.W.3d 194, 198 (Tex.
Crim. App. 2001). In this case, the relator has not shown that he is entitled to the relief
sought. The petition for writ of mandamus is denied without prejudice.

 WRIT DENIED.

 PER CURIAM

Opinion Delivered November 17, 2005 

Before McKeithen, C.J., Kreger and Horton, JJ.