IN THE COURT OF CRIMINAL APPEALS


OF TEXAS







No. PD-1369-05






ELMER RAY ROBINSON, Appellant



v.



THE STATE OF TEXAS






On Discretionary Review of Cause No. 01-04-00717-CR,


from the First Court of Appeals, Harris County






 Womack, J., delivered the opinion of the Court, in which Meyers, Johnson, 
Holcomb, and Cochran, JJ., joined. Keller, P.J., filed a dissenting opinion.
Keasler, J., filed a dissenting opinion, in which Price and Hervey, JJ., joined.



 

 The issue in this case is whether an appeal may be taken from a ruling on a pro se motion made
by a defendant who has counsel. We hold that it may.

 After he was convicted, the appellant filed a pro se motion for new trial with the trial court
alleging ineffective assistance from his trial counsel. Before ruling on that motion, the trial court
appointed appellate counsel to represent him. The trial court then denied the appellant's motion for new
trial without a hearing. The First Court of Appeals affirmed his conviction. (1)

 On appeal, the appellant argued the trial court erred in denying his pro se motion for new trial
without a hearing. The Court of Appeals held that it could not have been reversible error for the trial
court to so deny the appellant's pro se motion, since he was represented by counsel at the time the
motion was denied. We granted review to determine whether the Court of Appeals properly
considered the ruling on the appellant's motion for new trial. We believe that it did not and remand.

Procedural History

 On the day that the appellant was convicted of aggravated assault with a deadly weapon, he
filed a notice of appeal and requested the appointment of appellate counsel. Six days later, the trial
court found the appellant indigent and appointed counsel for his appeal. Five days after that, the trial
court received the appellant's pro se motion for new trial. The trial court denied the motion.

The Busselman Rule

 On appeal, the appellant argued that the trial court erred in denying his motion for new trial
without holding a hearing. The First Court of Appeals rejected the argument, relying on its decision in
Busselman v. State, (2) a case in which a defendant, acting pro se, filed a pre-trial motion to dismiss
under the Speedy Trial Act. Some time after that, the defendant was appointed a trial lawyer, who
attempted to file the same motion with the trial court. The defendant's lawyer did not know that her
client had previously filed the same motion, nor did she know that her motion had never been received
by the District Clerk. Eventually, the trial court overruled the pro se motion. (3)

 On appeal, Busselman argued that the trial court erred by refusing to hear his motion for new
trial. The First Court of Appeals disagreed, but not on the grounds that the trial court had exercised
proper discretion. Rather, the Court of Appeals first noted that there is no right to "hybrid"
representation, which is defined as representation partly by counsel and partly by self. (4) The Court then
held:

[B]ecause appellant had counsel and therefore had no right to urge his pro
se motion on October 21, 1985, the trial court did not err by denying it.
A trial court may, in its discretion, allow hybrid representation and may
grant relief in such situations, in which case the parties will be bound by the
court's rulings. However, when, as here, the court denies relief to a
defendant who has no right to present his motions, we will not find the
denial to be reversible error. (5)


 Thus, the Court of Appeals in Busselman announced a new rule which it has now applied to
the case at hand. That rule is, because a defendant has no right to hybrid representation, the defendant
likewise has no right to appellate relief from any trial-court decision on a pro se motion made while the
defendant was represented by counsel.

Alternative Arguments

 In this court, the appellant makes two alternative arguments as to why the Court of Appeals
erred by ruling it was not error for the trial court to have denied his motion for new trial without a
hearing. In his first point of error, he argues that the motion for new trial was in fact adopted and
presented by his appellate counsel, and thus no "hybrid" representation situation existed. If the appellant
is correct, then a reversal is warranted because appointed counsel may adopt their clients' pro se
motions just as substitute or subsequent counsel may adopt all the motions on file presented by prior
counsel. 

 Unfortunately, the record does not show any specific time or notation that the appellant's
counsel on appeal personally presented the motion for new trial to the trial court. That in itself,
however, is not dispositive because there is likewise no evidence that the appellant's counsel withdrew
the motion, urged a separate motion on other grounds, or in any way disavowed the motion for new
trial presented by her client. Nevertheless, it would be imprudent for us to reverse the Court of
Appeals' decision without sufficient evidence in the record to support the appellant's assertion.

 In his second point of error, the appellant contends that the Court of Appeals erred in applying
the Busselman rule to his case. Essentially, the appellant asks us to adopt the reasoning of Meyer v.
State, (6) in which the Tenth Court of Appeals held that:

By considering and ruling upon a pro se motion filed while the defendant
is represented by an attorney, the trial court essentially allows the
defendant hybrid representation for that one motion. Once the court does
so, the motion filed pro se by the defendant is as valid and effective as any
motion filed by his attorney. Thus, if the court rules on a pro se motion
even though it did not have to consider the motion, its ruling is subject to
review on appeal. (7)


The Tenth Court of Appeals thus created a rule of "implied" hybrid representation in order to resolve
cases such as the one before us today. The appellant urges us to follow the reasoning of the Tenth
Court rather than the First Court's.

 We decline to adopt either rule. The Busselman rule is troubling, because it essentially shields a
decision of the trial court from any appellate review. We agree that a defendant has no right to hybrid
representation. We also agree that, as a consequence, a trial court is free to disregard any pro se
motions presented by a defendant who is represented by counsel. However, once a trial court actually
rules on a pro se (or any) motion, we see no reason why that decision should be insulated from review
on appeal. While it is true that a trial court's decision not to rule on a pro se motion in this situation
would not be subject to review, a ruling that a trial court chooses to make is reviewable.

 The Meyer rule attempts to resolve this situation pragmatically, by inferring that a trial court in
so ruling "essentially allows the defendant hybrid representation for that one motion." (8) Yet this
approach is also problematic, because it infers intent by the trial court which may or may not have
existed. For example, in the case at hand, the trial court might have been ruling on the merits of the
appellant's pro se motion for new trial after it was adopted by the appellant's attorney, as the appellant
claims in his brief. The record, however, does not support that assertion. On the other hand, we
presume that the trial court knew that it was free to disregard the appellant's motion for new trial, and
we could thus presume that the trial court intended to simply dispose of the appellant's motion by
"denying" it. Unfortunately, the record does not support that presumption either. The limitation of the
Meyer rule, then, is that it allows for presumptions of intent that the record will not necessarily support.

 For that reason, we decline to adopt the Meyer rule, as urged in the appellant's second point of
error. Nor do we choose to adopt the Busselman rule, as articulated by the First Court of Appeals in
its opinion on this case. Additionally, we find the record insufficient to support the appellant's assertion
that his attorney adopted his motion for new trial and urged it to the trial court herself, as he argues in
his first point of error.

The Trial Court's Intent

 We are thus left with a situation in which the record clearly reflects a motion for new trial, and
the option of "Denied" has clearly been circled by the trial court. Under normal circumstances, this
would appear to be a ruling by the trial court on the appellant's motion for new trial. As we have stated
above, such a ruling would be subject to appellate review. 

 The circumstances in this case, however, are unique. Because the motion for new trial was
presented pro se while the appellant was represented by counsel, the trial court was free to rule on it,
or disregard it. Unfortunately it is unclear from the record exactly which of those two options the trial
court intended by making this simple circle and signing its name. It would obviously be better in the
future if trial courts made it clear in the record exactly which of the two options they choose, but that is
not the situation before us in this case. 

 Rather than guess at the trial court's intention, however, we think a better solution would be to
determine it. Therefore, we will remand the case to the Court of Appeals so that it may undertake to
determine if the notation on the appellant's pro se motion for new trial is a ruling on the merits, or if the
trial court intended to disregard the motion since the appellant was represented by counsel.

 

 We remand the case to the Court of Appeals for further proceedings consistent with this
opinion.


Delivered: November 21, 2007 

Publish.
1. Robinson v. State, 2005 Tex. App. LEXIS 5480 (2005) (unpublished).
2. 713 S.W.2d 711 (Tex. App. - Houston [1st Dist.] 1986).
3. Id, at 713-14.
4. Id., at 714 (citing Landers v. State, 550 S.W.2d 272, 275 (Tex. Cr. App. 1977)).
5. Id., at 714 (emphasis in original).
6. 27 S.W.3d 644 (Tex. App. - Waco 2000).
7. Id., at 648 (emphasis in original); See also Froyd v. State, 628 S.W.2d 866, 867 (Tex. App. - Corpus Christi
1982).
8. Meyer, 27 S.W.3d, at 648.